Joseph Nevin
3624 Green Meadow Drive
Helena, MT 59602
(406) 465-9917
bada55_jd@hotmail.com

Attorney for Plaintiff

CLERK OF THE
DISTRICT COURT
TERRY HALPIN

2020 OCT 27 A 10:12

FILED

BY _____
DEPUTY

## MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

| | |
|---|---|
| OWEN WOOD, | Cause No. DV 20.1396 |
| Plaintiff, | Hon. Michael G. Moses |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| BADGER DAYLIGHTING CORP., | |
| Defendant. | |

Plaintiff, Owen Wood, for his claims against Defendant, alleges and states:

1. Owen Wood (Owen) is a Montana resident currently living in Billings, Montana. Owen worked for the Defendant in Montana.

2. Defendant, Badger Daylighting Corp. (hereafter Badger), is a foreign for profit corporation organized under the laws of the state of Nevada. Badger operates a facility in Billings, Montana, and has done so for approximately 20 years.

3. Jurisdiction is proper in Montana because any person is subject to the jurisdiction of Montana courts as to any claim for relief arising from ... the commission of any act resulting in accrual within Montana of a tort action." M. R. Civ. P. 4(b)(1)(B). Ford Motor Co. v. Mont. Eighth Judicial Dist. Court, 2019 MT 115, ¶11, 395 Mont. 478, 443 P.3d 407.

4. Personal jurisdiction over Badger in Montana is constitutional because: (1) the nonresident defendant purposefully availed itself of the privilege of conducting activities in Montana, thereby invoking Montana's laws; (2) the plaintiff's claim arises out of or

**EXHIBIT A**

relates to the defendant's forum-related activities; and (3) the exercise of personal jurisdiction is reasonable. Simmons v. State, 206 Mont. 264, 276, 670 P.2d 1372, 1378 (1983). Ford Motor Co. v. Mont. Eighth Judicial Dist. Court, ¶ 12.

5. Owen worked for Badger from August, 2017, until late May, 2020.

6. Owen was not a probationary employee at the time of his separation from employment with Badger.

7. Owen's position required a commercial driver's license and operating the large hydrovac trucks are subject to United States Department of Transportation (DOT) regulations.

8. To comply with DOT regulations, Owen was required to maintain a log book of his hours driving and the time between driving. The DOT regulations also require minimum rest hours between driving.

9. On several occasions, Owen's supervisor, Mark Gunderson, pressured Owen to drive before he had rested the minimum required hours.

10. Employee turnover under Gunderson was higher than other Badger units, and Owen soon rose to a position of seniority in the unit. Owen would attempt to guide newer employees in proper procedures, but was undercut by Gunderson's hostility and demeaning behavior. On one occasion, a newer employee threatened violence against Owen. Owen reported the incident to Gunderson, who was unreceptive.

11. Owen twice reported Gunderson's negative behaviors via Badger's ConfidenceLine, but noticed no improvement in his situation.

12. Gunderson's hostility and demeaning behavior toward Owen was witnessed by other Badger employees.

13. Gunderson's hostility toward Owen, undermining Owen, and incessant pressure for Owen to violate DOT regulations (putting Owen's commercial driver license at risk), coupled with no relief from Owen's calls to ConfidenceLine, created a work environment which an objective, reasonable person would find so intolerable that voluntary termination is the

only reasonable alternative. Accordingly, Owen resigned in late May, 2020.

14. Owen had always satisfactorily performed his job duties for Badger and had never disrupted Badger's operation.

15. Owen has attempted to mitigate his damages as a result of the wrongful discharge, but has still suffered pecuniary damages in the form of lost wages and benefits, including retirement funds and insurance coverage.

## COUNT I - WRONGFUL DISCHARGE FROM EMPLOYMENT ACT

16. Owen re-alleges paragraphs one through fifteen of this Complaint.

17. A discharge is wrongful if the discharge was in retaliation for the employee's refusal to violate public policy or for reporting a violation of public policy. Section 39-2-904(1)(a), MCA.

18. In retaliation for Owen refusing to violate DOT safety regulations, Badger created a work environment which an objective, reasonable person would find so intolerable that voluntary termination is the only reasonable alternative.

19. Owen was damaged by Badger's retaliatory constructive termination of his employment.

## COUNT II - WRONGFUL DISCHARGE FROM EMPLOYMENT ACT

20. Owen re-alleges paragraphs one through nineteen of this Complaint.

21. A discharge is wrongful if the discharge was not for good cause and the employee had completed the employer's probationary period of employment. Section 39-2-904(1)(b), MCA.

22. Badger created a work environment which an objective, reasonable person would find so intolerable that voluntary termination is the only reasonable alternative.

23. Badger's reasons, if any, for discharging Owen were false, whimsical, arbitrary and capricious.

24. Owen was damaged by Badger's not for good cause constructive termination of his employment.

## COUNT III - WRONGFUL DISCHARGE FROM EMPLOYMENT ACT

25. Owen re-alleges paragraphs one through twenty-four of this Complaint.

26. A discharge is wrongful if the employer violated the express provisions of its own written personnel policy. Section 39-2-904(1)(c), MCA.

27. Whether an employer violated its own written personnel policy is a question of fact for the jury. Hager v. J.C. Billion, Inc., 2008 MT 167, ¶ 22, 343 Mont. 353, 184 P.3d 340.

28. Badger violated the express provisions of its written personnel policy, including but not limited to: Respect, Safety, and Whistle-Blower.

29. Rather than follow the express provisions of its written personnel policy, Badger created a work environment which an objective, reasonable person would find so intolerable that voluntary termination is the only reasonable alternative.

30. Owen was damaged by Badger not following its own written personnel procedures.

**WHEREFORE**, Owen prays the Court:

A. Enter judgment for Owen and against Badger for violation of the Wrongful Discharge from Employment Act.

B. Award Owen damages to be established at trial;

C. Grant such other relief as may be just and proper.

Plaintiff demands JURY TRIAL on all Counts.

Dated this 27 day of October, 2020.

Attorney for Plaintiff

Complaint 4